# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SHERMAN OSBORN

## DEFENDANTS
BNSF Railway Company

**(b)** County of Residence of First Listed Plaintiff: **Box Butte County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Lancaster County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jeanelle R. Lust, Knudsen, Berkheimer, Richardson & Endacott, LLP, 3800 VerMaas Place, Suite 200, Lincoln, Nebraska, 68502, Phone: (402) 475-7011

Attorneys (If Known)
Melanie J. Whittamore-Mantzios, Wolfe, Snowden, Hurd, Luers & AHL, LLP, Wells Fargo Center, 1248 "O" Street, Suite 800, Lincoln, Nebraska, 68508, Phone: (402)474-1507

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 12117, 42 U.S.C. 2000e-5.

Brief description of cause:
Defendant perceives Plaintiff, a qualified individual, as disabled and is not allowing Plaintiff to work for Defendant.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 200,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE: _____ DOCKET NUMBER: _____

DATE: _____ SIGNATURE OF ATTORNEY OF RECORD: _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHERMAN OSBORN, | ) | Civil No. |
| Plaintiff, | ) ) | |
| | ) | **COMPLAINT AND DEMAND** |
| vs. | ) | **FOR JURY TRIAL** |
| | ) | |
| BNSF RAILROAD COMPANY, | ) ) | |
| Defendant. | ) | |

COMES NOW Plaintiff, Sherman Osborne, by and through his attorneys, and for his cause of action against Defendant, BNSF Railroad Co., states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1367. This action arises under and jurisdiction lies pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 2000e-5.

2. Plaintiff Sherman Osborne is a United States citizen and at all times relevant was a resident of Box Butte County, Nebraska.

3. The unlawful employment practices complained of herein were committed within the state of Nebraska.

4. Defendant BNSF Railroad Co. has a registered office in Box Butte County, Nebraska.

5. The Defendant is a "person" within the meaning of § 101 (7) of the ADA, 42 U.S.C. § 12111 (7) and § 701 of Title VII and 42 U.S.C. § 2000e.

6. Defendant is engaged in an industry that affects commerce within the meaning of § 107 (7) of the ADA, 42 U.S.C. § 12111 (7), § 702 of the Civil Rights Act of 1964, and 42 U.S.C. § 2000e.

7. Defendant employs 15 or more employees and is an "employer" within the meaning of § 101 (5) (A) of the ADA and 42 U.S.C. § 12111 (5) (A).

## ADMINISTRATIVE PROCEDURES

8. Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission and the Nebraska Equal Opportunity Commission.

9. The Plaintiff has exhausted all administrative remedies available to him.

## FIRST CAUSE OF ACTION-DISCRIMINATION

Plaintiff incorporates paragraphs 1-9 above as if fully set forth herein.

10. On March 6, 2002, Plaintiff, Sherman Osborn, was injured in a motor vehicle accident. At the time he worked as an engineer for the Defendant.

11. As an engineer, the Plaintiff's duties included operating locomotives for the Defendant.

12. After the Plaintiff's motor vehicle accident, his condition and injuries improved to the point where, on April 6, 2007, he submitted a Medical Questionnaire to the Defendant pursuant to the Defendant's instructions. The Plaintiff properly followed the Defendant's return to work procedure.

13. The Plaintiff's treating physician released him to work as an engineer and/or conductor.

14. The Plaintiff took a functional capacity evaluation which stated that he is able to return to work as an engineer.

15. On April 20, 2007, the Defendant, through a letter signed by Dr. Sharon Clark adopted prior restrictions issued to the Plaintiff in 2004 and refused to allow him to return to work.

16. Since April, 2007, the Plaintiff has been, and continues to be, qualified for the position of engineer and/or conductor. At all relevant times hereto, the Plaintiff performed the duties of an engineer in a satisfactory manner and performed at or above the levels expected by Defendant.

17. At all relevant times, the Defendant has regarded the Plaintiff as an individual with a "disability" as that term is defined in § 3(2) of the ADA, 29 C.F.R. § 1630.2(j)(3)(ii) & (l), 42 U.S.C. §§ 12102(2) and 12111(8).

18. The Defendant perceives the Plaintiff as having a physical impairment stemming from his 2002 motor vehicle accident that substantially limits one or more major life activities. This is established in part by the fact that the Defendant has prevented the Plaintiff from working a wide range of jobs, namely, as an engineer, switchman, or brakeman. Essentially, the Defendant has limited the Plaintiff to work in the light to light-medium range, a classification that eliminates a broad range of jobs despite medical evidence to the contrary.

19. The Plaintiff is a qualified individual with a disability within the meaning of § 101(8) of the ADA, 29 C.F.R. § 1630.2(j)(3)(ii) & (l), 42 U.S.C. §§ 12102(2) and 12111(8), in that the Plaintiff is an individual with a disability who can perform the essential functions of an engineer and/or conductor, yet the Defendant refuses to employ him despite its ability to.

3

20. Despite the Plaintiff's offers, the Defendant has refused to even discuss options for reasonable accommodation of any perceived disability with the Plaintiff.

21. The Defendant did not engage in the interactive process in good faith.

22. Defendant's actions as described above constitute discrimination against Plaintiff with respect to the terms, conditions and/or privileges of employment under § 102 of the ADA, 42 U.S.C. §12112, 29 C.F.R. § 1630.2(j)(3)(ii) & (l), 42 U.S.C. §§ 12102(2) and 12111(8).

23. As a direct and proximate result of the Defendant's aforementioned conduct, the Plaintiff has lost compensation and benefits of employment and such losses will continue in the future.

24. As a direct and proximate result of the Defendant's aforementioned conduct, the Plaintiff has suffered, and will continue to suffer, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-monetary losses.

25. The Defendant's conduct was undertaken with malice and reckless indifference to the Plaintiff's rights.

WHEREFORE, Plaintiff prays for judgment in his favor on this cause of action against the Defendant for lost wages and other benefits of employment, for compensatory damages, punitive damages, appropriate injunctive relief, front pay, prejudgment interest, attorney's fees and costs, and for such additional relief as this Court deems appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY AT LINCOLN, NEBRASKA.

DATED this 21st day of June, 2010.

SHERMAN OSBORN, Plaintiff,

5

      By:    KNUDSEN, BERKHEIMER
              RICHARDSON & ENDACOTT, LLP
              3800 VerMaas Place, Suite 200
              Lincoln, Nebraska 68502
               (402) 475-7011


By: _____/s/ Jeanelle R. Lust_____
     Jeanelle R. Lust - #20556
     jlust@knudsenlaw.com