# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHERMAN OSBORN, | ) | Case No. 4:10-cv-03142-WKU-CRZ |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | **ORDER ON** |
| vs. | ) | **FINAL PRETRIAL** |
| | ) | **CONFERENCE** |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

A final pretrial conference was held on the 15th day of April, 2011. Appearing for the parties as counsel were:

Jeanelle R. Lust for the Plaintiff

Melanie J. Whittamore-Mantzios for the defendant.

**(A)** **Exhibits.** **The Exhibit List, with all objections identified, will be filed on or before April 25, 2011. The parties shall submit a paper copy of the exhibits, pre-marked, to the court on or before May 9, 2011.**

Caution: Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference. The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

**(B)** **Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1367. This action arises under and jurisdiction lies pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 2000e-5.

2. Plaintiff Sherman Osborn is a United States citizen and at all times relevant was a resident of Box Butte County, Nebraska.

3. The Defendant is a "person" within the meaning of § 101 (7) of the ADA, 42 U.S.C. § 12111 (7) and § 701 of Title VII and 42 U.S.C. § 2000e.

4. Defendant is engaged in an industry that affects commerce within the meaning of § 107 (7) of the ADA, 42 U.S.C. § 12111 (7), § 702 of the Civil Rights Act of 1964, and 42 U.S.C. § 2000e.

5. Defendant employs 15 or more employees and is an "employer" within the meaning of § 101 (5) (A) of the ADA and 42 U.S.C. § 12111 (5) (A).

6. On May 27, 2008, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission and the Nebraska Equal Opportunity Commission related to his allegation that Defendant had refused to reinstate him to his position of engineer or conductor on March 26, 2008.

7. The Plaintiff has exhausted all administrative remedies available to him related to his claim that BNSF refused to allow him to return to work as of March 26,, 2008.

8. On March 6, 2002, Plaintiff, Sherman Osborn, was injured in a motor vehicle accident. At the time he could work as an engineer for the Defendant if his seniority allowed him to hold an engineer position, if not he would be bumped to the position of conductor.

9. As an engineer, the Plaintiff's duties included operating locomotives for the Defendant.

10. Plaintiff suffered physical injuries in a motor vehicle accident on March 6, 2002, and was off work from March 6, 2002, through June 10, 2002, and June 20,

2002, through May 3, 2007, as a result of Plaintiff's physicians indicating that Plaintiff was physically unable to return to work.

11. On May 3, 2007, Raymond Carlson, D.O., one of Plaintiff's doctors, released Plaintiff to return to work as an engineer and/or conductor for BNSF.

12. On June 19, 2007, Plaintiff suffered an injury to his right elbow and had diagnostic surgery on his right elbow. Plaintiff wore a cast for three days and took Hydrocodone. Plaintiff did not report this injury to his right elbow to BNSF.

13. Osborn had a functional capacity evaluation performed on February 21, 2008 by Laren Roper, M.S., OTR which Osborn submitted to BNSF on March 26, 2008.

14. On March 28, 2008, BNSF made a determination that Osborn would not be allowed to return to work based on the medical evidence that had been provided to BNSF to date.

**(C)  Controverted and Unresolved Issues.**  The issues remaining to be determined and unresolved matters for the court's attention are:

1.  Whether the Plaintiff is qualified to perform the essential functions of the positions of conductor/engineer based upon the medical information and functional capacity evaluation that has been furnished to Defendant as of March 26, 2008.

4

2. What are the essential job functions of the position of engineer and conductor.

3. Whether Defendant regards Plaintiff as having a physical impairment that substantially limits him from a major life activity.

4. Whether Plaintiff has been discriminated against by the Defendant under the terms of Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 2000e-5.

5. Whether all employment decisions and actions taken by Defendant concerning Plaintiff were motivated by legitimate non-discriminatory reasons that were not pretextual.

6. Whether Defendant would have taken the same actions and made the same decisions without regard to any allegedly unlawful improper motive.

7. Whether the Plaintiff is equitably estopped from maintaining a disability discrimination action pursuant to the Americans with Disabilities Act against Defendant because of the position he has previously taken that he could no longer perform as a conductor/engineer in the lawsuit captioned, *Sherman Osborn and Anna Osborn v. James Jensen and Kathleen Jensen,* CI 04-111, in the District Court of Cheyenne.

**\*\*\*Plaintiff believes that this is no longer an issue based on Judge Urbom's summary judgment ruling. This is an equitable defense for the judge to decide and it has been decided adversely to Defendant**. (ECF Doc # 54 Filed: 04/11/11 Page 22 of 24 - Page ID # 1298 to Page 23 of 24 - Page ID # 1299).

8. Whether Plaintiff is judicially estopped from taking the position that he is physically able to return to work because of the position he took in the lawsuit captioned *Sherman Osborn and Anna Osborn v. James Jensen and Kathleen Jensen,* CI 04-111, in the District Court of Cheyenne.

**\*\*\*Plaintiff believes that this is no longer an issue based on Judge Urbom's summary judgment ruling. This is an equitable defense for the judge to decide and it has been decided adversely to Defendant**. (ECF Doc # 54 Filed: 04/11/11 Page 22 of 24 - Page ID # 1298 to Page 23 of 24 - Page ID # 1299).

9. Whether the Plaintiff has waived his ability to claim that he is able to perform the essential functions of the position of a conductor/engineer based upon the position he has previously taken that he was physically incapable of performing the essential functions of the position of conductor or engineer in the lawsuit captioned, *Sherman Osborn and Anna Osborn v. James Jensen and Kathleen Jensen,* CI 04-111, in the District Court of Cheyenne County.

      *****Plaintiff believes this issue should be decided by the court, not the jury as it is an equitable defense**.

10.  Whether the Plaintiff has unclean hands in this case based upon the position he has previously taken that he could no longer perform as a conductor/engineer in the lawsuit captioned, *Sherman Osborn and Anna Osborn v. James Jensen and Kathleen Jensen,* CI 04-111, in the District Court of Cheyenne County and his failure to disclose the injury and treatment to his right elbow from the injury he had on June 19, 2007.

      *****Plaintiff believes this issue should be decided by the court, not the jury as it is an equitable defense**.

11.  Whether to allow Plaintiff to return to work as a conductor/engineer would be a direct threat of injury to the Plaintiff or others.

12. Whether Plaintiff has failed to mitigate his damages by obtaining comparable employment.

13.    If liability is found against Defendant, whether Plaintiff is entitled to any of the following remedies in regard to his claims:

      a.    Post-discrimination pay

      b.    Reinstatement to his position as engineer or conductor or front pay

      c.    Compensatory damages

      d.    Punitive damages

  e. Costs and Attorney's fees

14. If liability is found against Defendant, whether Defendant acted with malice or reckless indifference in its decision to not allow Plaintiff to return to work after March 26, 2008.

**\*\*\*Matters prefaced with \*\*\* will be addressed in the parties' trial briefs for ruling by the presiding judge at or before the jury instruction conference**.

**(D)**   **Witnesses.** All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

Sherman Osborn, Plaintiff
Alliance, Nebraska 69301

Anna Osborn
Alliance, Nebraska 69301

Randy Osborn
Alliance, NE 69301

Kenny Preiss
Local Chairman
UTU Local 934
224 W. 2nd
P.O. Box 203
Alliance, NE 69301

Sharon Clark, D.O., M.P.H.
Medical Officer
BNSF
P.O. Box 961030
Ft. Worth, TX 76161-0030

8

Val McCabe
BNSF Road Foreman
111 W 1st Street
Alliance, NE 69301-3706

The following is a list of the persons the Plaintiff may call to testify as non-expert witnesses in the above case:

Scott Anderson
United Transportation Union
8250 West 80th Ave.
The Meadows Centre
Units 7 & 8
Arvada, CO 80005

R.S. Knutson
General Chairman
United Transportation Union
8250 W. 80th Ave., Units 7 & 8
The Meadows Centre
Arvada, CO 80005

M.H. Siegele, Jr.
AVP, Labor Relations
BNSF
P.O. Box 961030
Ft. Worth, TX 76161-0030

Patty Whitlock
Human Resources Director
BNSF-Powder River Division
107 North Gillette Avenue
Gillette, WY 82716

Cheryl Renee Kimbriel
Medical and Environment Health Generalist
BNSF
P.O. Box 961030
Ft. Worth, TX 76161-0030

David Adams
BNSF Crew Support
920 SE Quincy Street
Topeka, KS 66612-1116
(on Pay Issues)

Patricia Aberle
BNSF Crew Support
920 SE Quincy Street
Topeka, KS 66612-1116
(on Pay Issues)

Cristin White
BNSF Crew Support
920 SE Quincy Street
Topeka, KS 66612-1116
(on Pay Issues)

Angela Bailey
Highlands Ranch CO 80130

Phillip M. Kelly
Douglas, Kelly, Ostdiek, Bartels & Neilan
105 East 16th Street
P.O. Box 419
Scottsbluff, NE 69361

Leland K. Kovarik
Kovarik, Ellison, Mathis & Weimer, P.C.
1715 11th Street
P.O. Box 340
Gering, NE 69341

Jason Ringstad
Labor Relations
BNSF
P.O. Box 961030
Ft. Worth, TX 76161-0030

Jeff Tyler, P.A.-C
Scotts Bluff Physiatry
Two West 42nd Street, #1300
Scottsbluff, NE 69361

Robin Ockey, M.D.
3585 North University Avenue
Suite 150
Provo, UT 84604

Dr. Floyd E. Brown, D.C.
Brown Chiropractic Office
455 M Street
Gering, NE 69341

Dr. Brent Peterson
Western Plains Neurosurgery
2 W. 42nd St., Suite 2550
Scottsbluff, NE 69361

Dr. John Barker
10103 Ridgegate Parkway
Lone Tree, CO 80124

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

Sherman Osborn
Alliance, NE

Anna Osborn
Alliance, NE

11

Sharon Clark, D.O.
BNSF Railway Company
2500 Lou Menk Drive
Fort Worth, TX 76131

The following is a list of witnesses that may be called to testify:

Renee Kimbriel
Medical and Environmental Health Generalist
BNSF Railway Company
2500 Lou Menk Drive
Fort Worth, TX 76131

Phillip M. Kelly
Douglas, Kelly, Ostdiek, Bartels & Neilan
105 East 16th Street
P.O. Box 419
Scottsbluff, NE 69361

Leland K. Kovarik
Kovarik, Ellison, Mathis & Weimer, P.C.
1715 11th Street
P.O. Box 340
Gering, NE 69341

Randy Knutson
General Chairman UTU
8250 W. 80th Avenue, Units 7 & 8
Arvada, CO, 80005

Patty A. Whitlock
BNSF Director Human Resources
Powder River Division
107 N. Gillette Ave.
Gillette, WY 82716

Dan Best
BNSF Field Manager Clinical Rehabilitation Services
3700 Globeville Road
Denver, CO 80216

Jack Greene
Work In Progress
12165 West Center Road, Ste. 57
Omaha, NE 68144

David Adams
BNSF Crew Support
920 SE Quincy Street
Topeka, KS 66612-1116
(on Pay Issues)

Patricia Aberle
BNSF Crew Support
920 SE Quincy Street
Topeka, KS 66612-1116
(on Pay Issues)

Cristin White
BNSF Crew Support
920 SE Quincy Street
Topeka, KS 66612-1116
(on Pay Issues)

Frank Bennett
BNSF Superintendent of Ops.
800 W. Kansas Ave.
Alliance, NE 69301

Robin Ockey, M.D.
3585 N. University Ave. Suite 150
Provo, UT 84604

Michael Kaplan, M.D.
Spinal Diagnostics/Interventional Pain Clinic
1909 Vista Drive
Laramie, WY 82070

John Barker, M.D.
Lone Tree, CO

Raymond Carlson, D.O.
North Platte, NE

Jeffrey Tyler, PAC
Scottsbluff Physiatry Associates
Two West 42nd Street, Suite 1300
Scottsbluff, NE 69361

Laren Roper, MS. OTR/L
Great Plains Regional Medical Center/North Platte
601 W. Leota
P.O. Box 1167
North Platte, NE 69103

Randal Osborn
Alliance, NE

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

**(E) Expert Witnesses' Qualifications.** Experts to be called by plaintiff and their qualifications are:

The Plaintiff expects to call to testify by deposition as expert witnesses the following persons in the above case:

Laren Roper, MS. OTR/L
Great Plains Regional Medical Center/North Platte
601 W. Leota
P.O. Box 1167
North Platte, NE 69103
308-535-7456

Michael C. Kaplan, M.D.
Gem City Bone & Joint
1909 Vista Drive
Laramie, WY 82070

Jack Green, M.Ed., CRC, LPC
Work in Progress
12165 West Center Rd., Suite57
Omaha, NE 68144

(Subject to objection by defendant to certain portions of his testimony)

Their depositions have already been taken and there qualifications are set out in their depositions. Objections need to be ruled on in each deposition.

Experts to be called by defendant and their qualifications are:

Sharon Clark, D.O., MPH
BNSF Railway Company
2500 Lou Menk Drive
Fort Worth, TX 76131

Dr. Clark is board certified in Occupational Medicine and holds a master degree in Public Health Administration.

**(F)  Voir Dire.**  Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

The court conduct preliminary voir dire and the parties request that they be allowed to do voir dire of 20 minutes each.

**(G)  Number of Jurors.**  Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1. Counsel for the defendant suggests that this matter be tried to a jury composed of 12 members. Counsel for the Plaintiff suggests a jury of 7 members.

**(H)  Verdict.**  The defendant will not stipulate to a less-than-unanimous verdict. The plaintiff suggests a verdict of 6 members after 10 hours of deliberation.  **The jury verdict must be unanimous.**

**(I)  Briefs, Instructions, and Proposed Findings.**  Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Trial briefs, proposed jury instructions, and proposed findings of fact shall be filed ten (10) working days, (by May 9, 2011), before the first day of trial.

**(J)  Length of Trial.** Counsel estimate the length of trial will consume not less than 3 day(s), not more than 5 day(s), and probably about 4 day(s).

**(K)     Trial Date.** Trial is set for ___May 23, 2011___

Sherman Osborn,

By: _____
Jeanelle R. Lust - #20556
KNUDSEN, BERKHEIMER,
RICHARDSON & ENDACOTT, LLP
3800 VerMaas Place, Suite 200
Lincoln, Nebraska 68502
Phone: (402) 475-7011
Fax: (402) 475-8912
jlust@knudsenlaw.com


BNSF Railway Company

By: _____
Melanie J. Whittamore-Mantzios - #18883
Wells Fargo Center
1248 "0" Street, Suite 800
Lincoln, Nebraska 68508
Phone: (402) 474-1507
Fax: (402 474-3170


BY THE COURT:

_____
Cheryl R. Zwart, U.S. Magistrate Judge

17